## RAND v. RAND. { Mar. 22, 1876.

*Reference of divorce case—Practice.*

When a libel for divorce has been sent to a referee, under the act of 1874, neither party is entitled, as matter of legal right, to a trial of the facts *de novo* by the court upon the coming in of the report.

From Merrimack Circuit Court.

Libel for Divorce. At October term, 1874, this action was by order of court sent to a referee, who, after notice to the parties and a full hearing, made a general report in favor of the defendant. At the request of the parties he reported the facts found proved by him. Upon the presentation of his report, the plaintiff elected to try the case by the court, claiming that she had the legal right to be so heard, but assigning no other reason. The court, Stanley, J., denied the motion, and the plaintiff excepted.

*Mugridge,* for the plaintiff.

*Tappan & Albin, Sargent & Chase,* and *Fowler,* for the defendant.

Ladd, J. I understand from the case that the plaintiff claimed, as matter of legal right, that she should be permitted to go into a full trial, before the judge, of the facts found and reported by the referee ; and that claim is one which I think cannot be sustained. Undoubtedly the court could not abdicate a judicial function by refusing to look at the report, or consider any question of law, fact, or practice that might be raised upon it ; but that was not what was done. The cause had been sent to a referee in the exercise of an unquestionable authority conferred by the act of 1874. The facts had been tried, and a report returned : the effect to be given to the report, in reference to matters of fact found by it, was a thing to be determined by the court in the exercise of a sound discretion. Under the statute, I think it stands very much like the report of a master in equity proceedings. My conclusion is, that the exception should be overruled.

Cushing, C. J. I am not aware that the statute under which this proceeding was sent to a referee makes any provision for a trial of the facts by the court on the coming in of the report. My understanding is, that this case is not one of those in which the parties have a right to a trial by jury. If it were such, the party might have a right under the statute to a trial by jury, but not to a trial by the court. Such trial, however, is not claimed. If the case be one, as I understand it to be, in which there is not by law a right to a trial by jury, the statute

seems to be peremptory, requiring that the court shall either revise, or recommit, or render judgment on the report. I think, therefore, that the libellant's motion was rightly denied, and the exception must be overruled.

SMITH, J., concurred.

*Exception overruled.*